UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAZYAR YAGHOUBIAN, et. al,<br><br>　　　　　Defendants. | No. 2:16-cv-02299-TLN-CKD<br><br><br>ORDER |

Presently pending before the court is plaintiff's June 29, 2017 motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) & (C). (ECF No. 42.) On August 9, 2017, the court held a hearing on this motion. Sara Gunderson appeared telephonically on behalf of plaintiff; pro se defendants Chris Camp and Kareem Ahmed did not appear. (ECF No. 46.) After review of the briefing and the relevant portions of the record, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>BACKGROUND</u>

On September 27, 2016, plaintiff filed this action against Mazyar Yaghoubian, Chris Camp, Kareem Ahmed, and Boa Hoang, alleging violations of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.) and the Unruh Civil Rights Act (Cal. Civ. Code § 51-53). (See ECF No. 1.) After being served, defendants Hoang and Yaghoubian failed to appear, plead, or answer the complaint, and plaintiff moved for entry of default against each. (See ECF Nos. 7,

1

16.) Accordingly, the Clerk of the Court entered default as to defendants Hoang and Yaghoubian on November 10, 2016 and December 7, 2016, respectively. (<u>See</u> ECF Nos. 8, 17.)

Subsequently, on December 16, 2016, defendants Camp and Ahmed filed an answer. (ECF No. 20.) The undersigned issued a pretrial scheduling order on February 23, 2017, setting forth deadlines for discovery. (<u>See</u> ECF No. 24.) However, since filing their answer, Camp and Ahmed have been entirely unresponsive to plaintiff and the court.

As a result, there have been numerous issues with discovery and plaintiff has filed a series of motions against Camp and Ahmed. On April 21, 2017, plaintiff filed a motion to compel initial responses. (ECF No. 26.) Next, on May 9, 2017, he filed a motion to compel initial disclosures. (ECF No. 28.) On May 31, 2017, he filed a motion for Rule 37(b)(2)(A) sanctions, based on defendants' failure to serve initial responses. (ECF No. 33.) Then, on June 29, 2017, he filed the pending motion for Rule 37(b)(2)(A) & (C) sanctions, based on defendants' failure to serve initial disclosures. (ECF No. 42.) Camp and Ahmed have not responded to any of these motions.

The court has held and issued multiple hearings and orders in this matter. On May 24, 2017, the court held a hearing for plaintiff's motion to compel initial responses. (ECF No. 31.) The following day, the court granted plaintiff's motion and ordered defendants to serve unobjected responses to plaintiff's interrogatories and requests for production within 14 days. (ECF No. 32.) The court also warned that failure to comply might result in defendants' answer being stricken and default being entered. (<u>Id.</u>) Next, on June 6, 2017, the court held a hearing for plaintiff's motion to compel initial disclosures. (ECF No. 35.) Two days later, the court granted plaintiff's motion and ordered defendants to serve initial disclosures within 14 days and to show cause why the court should not impose sanctions. (ECF No. 39.) On June 28, 2017, the court ordered defendants to pay $650.00 in sanctions within 14 days, based upon their failure to comply with the court's prior orders. (ECF No. 41.) Additionally, the court warned that failure to comply would result in defendant's answer being stricken and default being entered. (<u>Id.</u>) Finally, on August 9, 2017, the court held a hearing on plaintiff's pending motion for sanctions. (ECF No.
/////

46.) Camp and Ahmed did not attend any of these hearings, nor did they respond to any of the court's orders.

II      DISCUSSION

Under Federal Rule of Civil Procedure 37, when a party has failed to obey an order to provide discovery, the court may strike that party's pleadings or render default judgment against him or her. See Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "Instead of or in addition . . . the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Moreover, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." See Fed. R. Civ. P. 55(a).

Here, Camp and Ahmed have repeatedly failed to comply with the court's orders to provide discovery. Additionally, defendants have failed to explain their actions, as they have not appeared before the court since filing their answer, nor have they replied to any of plaintiff's motions or the court's orders. What is more, the court clearly warned defendants that failure to comply would result in their answer being stricken and default being entered. (See ECF Nos. 32, 39, 41.)

Plaintiff has requested $580.00 for the expenses of preparing the current motion for sanctions. (ECF No. 42-1 at 5.) This request is supported by declaration, and an explanation that plaintiff's attorney spent 2.9 hours drafting the motion at a rate of $200.00 an hour. (ECF No. 42-2 at 3.) The undersigned finds that these are reasonable expenses. See Fed. R. Civ. P. 37(b)(2)(C).

III     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The answer of defendants Chris Camp and Kareem Ahmed (ECF No. 20) is STRICKEN, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), based upon their repeated failure to comply with the court's orders to provide discovery.

2. The Clerk of Court is directed to ENTER the default of defendants Chris Camp and Kareem Ahmed, pursuant to Fed. R. Civ. P. 55(a).

3. Within 21 days of this order, defendants Chris Camp and Kareem Ahmed shall PAY $580.00 to plaintiff for the reasonable expenses incurred while preparing his June 29, 2017 motion (ECF No. 42), pursuant to Fed. R. Civ. P. 37(b)(2)(C).

4. Within 28 days of this order, plaintiff shall FILE a motion for default judgment in accord with Fed. R. Civ. P. 55(b).

Dated: August 11, 2017

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ 16-2299 Johnson v. Yaghoubian - Order re motion for sanctions