UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

MAZYAR YAGHOUBIAN, et. al.,

    Defendants.

No. 2:16-cv-02299-TLN-CKD

ORDER AND FINDINGS AND RECOMMENDATIONS

Presently pending before the court is plaintiff Scott Johnson's motion for default judgment against defendants Mazyar Yaghoubian, Chris Camp, Kareem Ahmed, and Bao Hoang.[1] (ECF No. 49.) Defendants have failed to file an opposition to the motion for default judgment in accordance with Local Rule 230(c). This motion came on regularly for hearing on October 18, 2017. (ECF No. 52.) Sara Gunderson appeared telephonically on behalf of plaintiff. Defendants did not appear. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

/////

/////

---

[1] The complaint names these four defendants, and Does 1–10. (ECF No. 1.) Plaintiffs do not seek default against Doe defendants, who remain unidentified. Accordingly, Doe defendants are dismissed.

1

I.     BACKGROUND

Plaintiff initiated this action on September 27, 2016, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF No. 1.) Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a specially-equipped van, alleged that defendant Mazyar Yaghoubian owns the real property located at or about 3811 Florin Road, Sacramento, California; that defendants Chris Camp and Kareem Ahmed own Accessorize It ("Store") at this location; and that defendant Bao Hoang owns Donna's Hair and Nails Parlor ("Parlor") at this location. (Id. at 1–3.)

Plaintiff alleged that he went to the Store in June and July of 2016, intending to shop, and that he went to the Parlor in July of 2016. (Id. at 4.) According to plaintiff, he encountered the following architectural barriers to access at the property and establishments in violation of the ADA and the ADA Accessibility Guidelines: no accessible handicap parking spaces, no accessible walkways, and no accessible thresholds/entrances to the Store and Parlor. (Id. at 4–6.) Plaintiff alleged that he frequently visits the Sacramento area, and that he had visited the business on scores of occasions. (Id. at 6.) Plaintiff further alleged that he encountered barriers when he purchased items in the store in June and July of 2016, and when he got his hair cut at the Parlor in July of 2016. (Id.) Further, he claimed that he visited both businesses on two other occasions but was deterred from going inside. (Id.) Additionally, plaintiff maintained that defendants had the means and ability to remove these barriers to access. (Id. at 7.) Plaintiff's complaint sought inter alia injunctive relief; statutory damages; and attorneys' fees, litigation expenses, and costs of suit. (Id. at 11–12.)

All defendants were served between October 4, 2016 and November 11, 2016. (ECF Nos. 4–6, 9.) Defendants Hoang and Yaghoubian failed to appear, plead, or answer the complaint, and plaintiff moved for entry of default against each. (See ECF Nos. 7, 16.) Accordingly, the Clerk of the Court entered default as to defendants Hoang and Yaghoubian on November 10, 2016 and December 7, 2016, respectively. (See ECF Nos. 8, 17.)

Thereafter, on December 16, 2016, defendants Camp and Ahmed filed an answer. (ECF No. 20.) The court issued a pretrial scheduling order on February 23, 2017, setting forth

deadlines for discovery. (See ECF No. 24.) However, since filing their answer, Camp and Ahmed have been entirely unresponsive to plaintiff and the court. As a result, plaintiff moved to compel initial responses and initial disclosures. (ECF Nos. 26, 28.) The court granted each motion, ordering Camp and Ahmed to serve initial responses and disclosures. (ECF Nos. 32, 39.) The court also warned that failure to comply may result in their answer being stricken and default being entered. (Id.) Camp and Ahmed did not comply with, or respond to, either order.

Plaintiff subsequently filed motions for Rule 37(b)(2)(A) & (C) sanctions, based on Camp's and Ahmed's failure to serve initial responses and initial disclosures, as ordered. (ECF Nos. 33, 42.) Camp and Ahmed failed to respond to these motions or to attend any hearings. Thus, the court ordered Camp and Ahmed to pay $650.00 in sanctions. (ECF No. 41.) Then, after they remained unresponsive, the court struck their answer and ordered Camp and Ahmed to pay $580.00 to plaintiff in additional sanctions. (ECF No. 47.) On August 11, 2017, the Clerk of the Court entered default against defendants Camp and Ahmed.

Thereafter, plaintiff brought the pending motion for default judgment against all named defendants, through which he seeks injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act. (See ECF No. 49.)

II.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

////

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. DISCUSSION

    A. <u>Appropriateness of the Entry of Default Judgment Under the Eitel Factors</u>

        1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

4

2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

a. ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges that: (1) he is disabled (see ECF No. 1 at 1); (2) defendants owned the Store and Parlor, which are places of public accommodation, and the real

property located at or about 3811 Florin Road, Sacramento, California, during plaintiff's visits (id. at 2–5); (3) plaintiff was denied full and equal access to the Store's and Parlor's facilities, privileges, and accommodations because of plaintiff's disability (id. at 6); (4) the property, Store, and Parlor contain specified architectural barriers—lack of accessible handicap parking spaces, lack of accessible walkways, and lack of accessible thresholds/entrances—in violation of the ADA (id. at 5); and (5) defendants had the means and ability to remove such barriers (id. at 7). Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a prima facie Title III discrimination claim.

b. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil Rights Act corresponding to three obstructed visits to the property, Store, and Parlor ($4,000.00 minimum statutory damages per visit, for a total amount of $12,000.00); and attorneys' fees and costs in the amount of $6,345.00. (ECF No. 49–1 at 12.) Although the court more closely scrutinizes the requested statutory damages, attorneys' fees, and costs below, the court does not

6

find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

    4.  *Factor Five: The Possibility of a Dispute Concerning Material Facts*

  The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

    5.  *Factor Six: Whether the Default Was Due to Excusable Neglect*

  In this case, there is no indication in the record that defendants' default was due to excusable neglect. Despite having been properly served with plaintiff's complaint, the requests for entry of default, and the instant motion for default judgment, defendants Yaghoubian and Hoang failed to appear in the action. (See ECF Nos. 4, 7, 9, 17, 49.) Further, while defendants Camp and Ahmed filed an answer (ECF No. 20), it was stricken after they failed to respond to numerous motions and court orders. (See ECF Nos. 26, 28, 32, 33, 39, 41, 42, 47.) Moreover, Camp and Ahmed have remained unresponsive after the entry of default against them (ECF No. 48), and after plaintiff filed the instant motion (ECF No 49). Thus, the record suggests that defendants have chosen not to defend themselves in this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

    6.  *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

  "Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

### B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barriers at issue— lack of accessible handicap parking spaces, lack of accessible walkways, and lack of accessible thresholds/entrances.

Plaintiff also requests statutory damages in the amount of $12,000.00, which corresponds to three obstructed visits to the Store and Parlor ($4,000.00 minimum statutory damages per visit). Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages. In this case, plaintiff made no showing as to why he returned to the Store, after his initial visit. For example, plaintiff did not allege that he returned after having received good faith assurances from defendants or their agents that the architectural barriers were removed. In light of that deficiency, the court recommends that plaintiff only be awarded minimum statutory damages corresponding to one visit each to the Store and Parlor, i.e., $8,000.00.

Finally, plaintiff requests attorneys' fees and costs. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Thus, the only issue is whether the requested amount of attorneys' fees and costs ($6,345.00) is reasonable. Plaintiff requests $480.00 in filing fees and service costs, which are

reasonable and should be awarded. (ECF No. 49-4 at 2.)

Plaintiff further indicates that plaintiff's counsel, Mark Potter, attorney at the Center for Disability Access, who has been in practice for about 23 years with a practice dedicated exclusively to disability-related issues, spent 13.8 hours on this case, billing at an hourly rate of $425.00, for a lodestar amount of $5,865.00 in attorneys' fees. (Id. at 2–3.)

Although the number of hours spent on the case appears reasonable, the court finds Mr. Potter's hourly rate of $425.00 to be excessive in light of prevailing market rates in the Sacramento Division of the Eastern District of California. Notably, another judge in this district recently determined that an hourly rate of $300.00 was appropriate for plaintiff's counsel, as a partner with significant experience and expertise, in a routine disability access case. See Johnson v. Wayside Property, Inc. et al., 2:13-cv-1610-WBS-AC, ECF No. 32. The court finds Wayside Property to be persuasive, because it is a recent, comparable case from this district and involved a careful consideration of prevailing market rates for routine disability access cases in the Sacramento Division of the Eastern District of California. By contrast, plaintiff's reliance on fee awards in the Central and Southern Districts of California, as well as certain California state courts, is misplaced, because those fee awards are not instructive with respect to prevailing market rates in this federal district. Instead, the court here likewise concludes that an hourly rate of $300.00 is appropriate, resulting in a fee award of $4140.00.

IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 49) be GRANTED IN PART.
2. Judgment be entered in plaintiff's favor and against defendants Mazyar Yaghoubian, Chris Camp, Kareem Ahmed, and Bao Hoang.
3. Plaintiff be awarded statutory damages in the amount of $8,000.00.
4. Plaintiff be awarded attorneys' fees and costs in the amount of $4,620.00.
5. Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations in the form of accessible handicap parking, accessible walkways, and accessible thresholds/entrances to Accessorize It and

Donna's Hair and Nails Parlor, located at or about 3811 Florin Rd, Sacramento, California, in compliance with the ADA and the ADA Accessibility Guidelines.

6. The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendants by U.S. mail at their last-known addresses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 23, 2017

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/16-2299.johnson v. yaghoubian. f&r default judgment