UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MAZYAR YAGHOUBIAN, et al.<br><br>Defendants. | No. 2:16-cv-02299-TLN-CKD (PS)<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

Presently pending before the court is a motion to vacate judgment by defendants Chris Camp and Kareem Ahmed (ECF No. 81), as well as the court's November 7, 2018 order to show cause (ECF No. 83). These matters came on for hearing on December 12, 2018, before the undersigned. Pro se defendants Chris Camp and Kareem Ahmed appeared on their own behalf, and Bradley Smith appeared on behalf of plaintiff. After review of the briefing, the relevant portions of the record, the oral arguments, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

BACKGROUND

On September 27, 2016, plaintiff filed this action against Mazyar Yaghoubian, Chris Camp, Kareem Ahmed, and Boa Hoang, alleging violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, et seq.) and the Unruh Civil Rights Act (Cal. Civ. Code § 51-53). (See ECF No. 1.) After being served, defendants Hoang and Yaghoubian failed to appear,

plead, or answer the complaint, and plaintiff moved for entry of default against each.  (See ECF Nos. 7, 16.)  Accordingly, the Clerk of the Court entered default as to defendants Hoang and Yaghoubian.  (ECF Nos. 8, 17.)

On December 16, 2016, defendants Camp and Ahmed filed an answer.  (ECF No. 20.)  In the answer, defendants did not raise the affirmative defense of insufficient service of process. After filing their answer, Camp and Ahmed were unresponsive to plaintiff and the court.  As a result, after motion by plaintiff, Camp's and Ahmed's answer was stricken by the court on August 11, 2017, "pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), based upon [defendants'] repeated failure to comply with the court's orders to provide discovery."  (ECF No. 47.)

Default judgement was entered against all defendants on January 8, 2018.  (ECF No. 54.) Plaintiff later moved to enforce the judgement against defendant Chris Camp only.  (ECF No. 72.)  Chris Camp was ordered to appear for a judgment debtor exam on June 27, 2018.  (ECF No. 73.)  The judgement debtor exam was continued twice.  Notably, on August 28, 2018, the court was provided with a stipulated request, signed by Chris Camp, to continue the judgment debtor exam for a second time.  (ECF No. 77.)  The exam was rescheduled for October 3, 2018, but Chris Camp failed to appear.  (ECF Nos. 78, 80.)

At the December 12, 2018 hearing, the court learned that Chris Camp reportedly attempted to continue this judgment debtor exam a third time, but plaintiff refused.  Camp and Ahmed also explained that they sought legal advice and were advised to file the motion to vacate the judgment, which they filed on October 25, 2018.  (ECF No. 81.)  Pursuant to Federal Rule of Civil Procedure 60(b)(4), defendants claim that the judgment against them is void because the court lacks jurisdiction due to insufficient service of process.  (ECF No. 81 at 2.)

Plaintiff filed an exceptionally late opposition to defendants' motion to vacate on December 11, 2018, the eve of the hearing.  (ECF No. 89.)  Plaintiff's attorney Dennis Price explained in an attached declaration that the opposition was late due to a malware attack suffered by his law firm that was not resolved until November of 2018.  (ECF No. 89-1 at 1-2.)

Despite the malware attack, on November 2, 2018, plaintiff was able to submit a proposed certification of fact of contempt based upon Chris Camp's failure to appear at the judgement

debtor exam. (ECF No. 82.) As a result, the undersigned ordered Camp to appear at a hearing and show cause why he should not be held in contempt or have other appropriate sanctions imposed against him based on his failure to appear. (ECF No. 83.)

At the December 12, 2018 hearing, defendants Camp and Ahmed explained that the store at the heart of this matter has since been closed, and that they do not own the premises because they were tenants of the building. They also explained that they have attempted to work with plaintiff to resolve this matter, but do not have much available cash to either hire legal representation or pay the default judgement. Moreover, defendants expressed their willingness to work with the owner of the property to ensure that any ADA compliance issues at the location are resolved.

The court proposed that the parties conduct further settlement negotiations regarding the resolution of the enforcement of the judgment in this matter. Bradley Smith indicated that plaintiff was not interested in any such negotiations.

LEGAL STANDARD

"The court may relieve a party . . . from a final judgment, order, or proceeding [based upon a finding that] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. Nemaizer v. Baker, 793 F.2d 58, 65 (C.A.2 1986); see, e.g., Boch Oldsmobile, supra, at 661-662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

United Student Aid Funds, Inc., 559 U.S. at 271.

A defendant in federal court may challenge the court's jurisdiction to hear a matter based upon insufficient service of process. Fed. R. Civ. P. 12(b)(5). However, when a defendant fails to raise the defense of insufficient service of process in his answer or first responsive pleading,

that defense is waived.  <u>See</u> Fed. R. Civ. P. 12(h)(1); <u>Savarese v. Edrick Transfer & Storage, Inc.</u>, 513 F.2d 140, 145 (9th Cir. 1975) ("Under rule 12(h)(1), Edrick could be held to have waived a defense of insufficiency of service of process when it failed to raise it in its answer or by a rule 12 motion").

Additionally, pro se litigants are expected to comport with these and all other rules governing federal practice.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds) ("Pro se litigants must follow the same rules of procedure that govern other litigants"); E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona").

<u>DISCUSSION</u>

Here, defendants argue that "the judgment is void as this Court lacks jurisdiction due to insufficient service of process."  (ECF No. 81 at 2.)  Defendants assert that service of process was insufficient because "they were never validly served . . . [and they] were not properly served with the notice of motion for default, the order entering default or the default judgement."  (ECF No. 81 at 3.)

Troublingly, plaintiff did not file a timely opposition to this motion.  Yet, defendants' argument is fundamentally flawed.  Defendants failed to raise the affirmative defense of insufficient service of process in their answer.  (ECF No. 20.)  Therefore, this defense was waived, early on in this matter.  <u>See</u> Fed. R. Civ. P. 12(h)(1).

Furthermore, default judgment was entered after numerous hearings and orders from this court that defendants ignored.  (<u>See</u> ECF Nos. 22-24, 26, 31, 32-33, 36, 39, 41-42, 47.)  While defendants claim that they never received the motion for default judgement or the court's subsequent order, it was the defendants' responsibility to maintain a current address with both the court and plaintiff.  <u>See</u> E.D. Cal. L.R. 131(a) ("Counsel Identification"); 182(f) ("Each appearing. . . pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of . . . the pro se party.  Absent such notice, service of

documents at the prior address of the . . . pro se party shall be fully effective").

Thus, while the court is sympathetic to defendants' plight, there is simply no legal basis to find that the judgment against them is void. Defendants waived any argument that this court lacks jurisdiction due to insufficient service of process, and there is no indication that defendants were deprived notice or the opportunity to be heard. See United Student Aid Funds, Inc., 559 U.S. at 271.

At the same time, plaintiff unacceptably failed to file a timely opposition to defendants' motion. The Local Rules direct that an "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. . . . No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." E.D. Cal. L.R. 230(c). The malware attack that was resolved in November does not excuse plaintiff's failure to file any opposition until December 11, 2018, especially since plaintiff was able to file its November 2, 2018 proposed certification of fact of contempt one week after defendants filed their motion. (ECF Nos. 81, 82.)

Moreover, while plaintiff has every right to enforce the judgement against any defendant in this matter, the court is disappointed by plaintiff's counsel's disinterest in further settlement negotiations, especially in light of defendants' undisputed representations that Chris Camp does not own the building in question; that his business has since closed; and that both Camp and Ahmed are willing to work with the owners to ensure that the premises is brought into compliance with the ADA.

When Congress passed the American's with Disabilities Act, it proclaimed its purpose to be "(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

order to address the major areas of discrimination faced day-to-day by people with disabilities."

42 U.S.C. § 12101. These goals are laudable and well-deserving of strict enforcement. However, this Act was not intended to be a blunt tool used to impoverish defendants unable to afford counsel.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to vacate judgment (ECF No. 81) is DENIED.

2. Plaintiff's opposition to defendant's motion (ECF No. 89) is STRICKEN.

3. The November 7, 2018 order to show cause (ECF No. 83) is DISCHARGED.

4. Within fourteen days of this order, plaintiff's counsel shall SHOW CAUSE in writing why he should not be sanctioned $250.00 for failing to comply with the Local Rules of this court.

Dated: December 14, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE