UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAZYAR YAGHOUBIAN, et al.<br><br>　　　　Defendants. | No. 2:16-cv-02299-TLN-CKD (PS)<br><br><br>ORDER |

On December 14, 2018, the court ordered plaintiff's counsel to show cause in writing why he should not be sanctioned $250.00 for failing to comply with the Local Rules of this court, when he failed to file a timely opposition to defendants' motion to vacate. (ECF No. 95.) Plaintiff's counsel responded to the order to show cause on December 28, 2018. (ECF No. 96.) After review of the briefing, the relevant portions of the record, and the relevant legal standards, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Default judgment was entered against all defendants on January 8, 2018. (ECF No. 54.) After a motion to enforce the judgment, defendant Camp was ordered to appear for a judgment debtor exam, which was continued twice to October 3, 2018, and Camp failed to appear. (ECF Nos. 72, 73, 77, 78, 80.)

Defendants Camp and Ahmed subsequently filed a motion to vacate the judgment on October 25, 2018. (ECF No. 81.) Plaintiff filed an exceptionally late opposition on December

11, 2018, on the eve of the hearing. (ECF No. 89.) Plaintiff's attorney, Dennis Price, explained in an attached declaration that the opposition was late due to a malware attack suffered by his law firm that was not resolved until November of 2018. (ECF No. 89-1 at 1-2.) Despite the malware attack, on November 2, 2018, plaintiff was able to submit a proposed certification of facts of contempt based upon Camp's failure to appear at the judgment debtor exam. (ECF No. 82.)

In response to the court's order to show cause, Mr. Price maintains that the error was due to the malware attack that briefly shutdown his entire firm's hardware. According to Mr. Price,

> [w]hile full functionality was restored in November 2018, many matters simply were unable to be properly calendared. In this case, discovering the missed deadline was a result of review of the file as a result of the hearing having been calendared, but the opposition deadline not similarly being properly calendared. As the hearing had only been listed as a judgment enforcement hearing, it would not naturally have an opposition attached to it. As a result, the opposition was not filed until preparing for the hearing. Despite the fact Creditor was able to file his proposed certification of facts on November 2, 2018, this did not correct the missed calendaring date. The certification of facts was triggered by a different incident than the motion filing: the certification of facts was a result of nonappearance at the examination. The motion was separately filed without an appearance by our office, thus it getting missed due to the calendaring difficulties during the outage and as a result they were not naturally linked.

(ECF No. 96 at 2.)

The Local Rules direct that an "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. . . . No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." E.D. Cal. L.R. 230(c).

The malware attack that was resolved in November does not excuse plaintiff's failure to file a timely opposition to defendant's motion to vacate. The court appreciates Mr. Price's explanation of events, but finds his excuse to be lacking. While the court understands that it is the firm's practice to calendar each individual matter in a case separately, such calendaring practices do not excuse the firm's failure to file a timely opposition here.

////

2

Indeed, if plaintiff's attorney had reviewed the docket when filing the certification of facts on November 2, 2018, then he would have noticed the pending motion to vacate. Moreover, the court's November 7, 2018 order regarding plaintiff's proposed certification explicitly noted that "[b]ecause the court is also hearing defendants' motion to vacate judgment on December 12, 2018, a continued judgment debtor examination will not be set at this time." (ECF No. 83 at 2.) A timely opposition was due on November 28, 2018, three weeks after the court's order. Therefore, the court concludes that plaintiff had ample notice of defendant's motion to vacate, after the malware issue had been resolved, and inexcusably failed to file a timely opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of this order, plaintiff's counsel shall pay a total of $250.00 in monetary sanctions to the Clerk of Court for failing to comply with the Local Rules of this court.

Dated: January 3, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE